PEOPLE ex rel. A. B. SCOTT, Respondents, v. FANNON, Appellant.

No. 397; October 7, 1864.

Appeal—Undertaking.—Upon Exceptions being Duly Served on the appellant by the respondent to the sufficiency of the sureties executing the undertaking filed with the notice of appeal, it is not sufficient that the respondent be notified that the sureties will justify within two days thereafter, when the notice does not specify the officer before whom or the time of the day at which the sureties are to justify.

**Appeal—Insufficiency of Undertaking.**—The Act of 1861 (Laws of 1861, p. 589) prescribes the course to be pursued by appellants in order to avoid a dismissal for insufficiency of an undertaking on appeal, and an application to that end not in accordance with the statute will not be granted.

APPEAL from Fourteenth Judicial District, Placer County.

McCullough, Tuttle & Fellows for respondent; Jo. Hamilton for appellant.

CURREY, J.—The notice of appeal in this case was filed and a copy thereof duly served on the 3d of May, 1864. On the same day an undertaking on appeal was also filed, and on the 7th of the same month respondent's attorneys served on appellant's attorney notice that they excepted to the sufficiency of the sureties who executed the undertaking. On the day last mentioned the appellant's attorney filed in the cause a notice that the sureties would appear on the 9th of May at the office of the clerk of the court to justify as sureties. Accompanying this notice was a statement by appellant's attorney that a copy of it had been left with the respondent's attorneys on the day of the date of the notice. The sureties appeared before the clerk on the 9th and justified, but no one appeared there on the part of the respondent. The counsel for the respondent upon notice has moved for the dismissal of the appeal on the ground that no notice was given of the justification of the sureties, to whose sufficiency the respondent excepted.

The three hundred and forty-eighth section of the Practice Act provides that an undertaking with sureties shall be filed or deposit of money made in order to render an appeal effectual for any purpose, and the time within which the filing of the undertaking or the deposit shall be made. The three hundred and fifty-fifth section of the same act provides that the undertaking shall be of no effect, unless accompanied by an affidavit of the sureties as to their property qualifications. It also provides that the respondent may except to the sufficiency of the sureties within five days after the filing of the undertaking; and "unless they or other sureties justify before a judge of the court below, or a county judge, or the county

clerk, within five days thereafter, upon notice to the adverse party, to the amount stated in their affidavits, the appeal shall be regarded as if no such undertaking had been given.'' In this case there is no evidence of any notice to the respondent of the justification of the sureties, and beyond this the paper purporting to be a notice filed by the appellant on the seventh day of May does not specify before whom the justification would be made or at what hour of the day. Under these circumstances we can only regard the appeal as if no undertaking had been given.

The appellant asks to be permitted to prepare a new undertaking to be approved and filed before the hearing of the cause in its order on the calendar. The act of 1861 (Laws 1861, p. 589) prescribes the course to be pursued by appellants in order to avoid a dismissal of an appeal for insufficiency of the undertaking thereon. The appellant's application is not authorized by this act and cannot be granted.

The motion to dismiss the appeal must be granted and it is so ordered.

We concur: Rhodes, J.; Sanderson, C. J.; Shafter, J.; Sawyer, J.